**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

JULIA SHELTON,

    Plaintiff,                             Case No:

v.

INPATIENT CONSULTANTS
OF FLORIDA, INC.,                **DEMAND FOR JURY TRIAL**

    Defendant.
_____/

**PLAINTIFF'S COMPLAINT WITH INJUNCTIVE RELIEF SOUGHT**

**COMES NOW**, Plaintiff, **JULIA SHELTON** ("Ms. Shelton" or "Plaintiff"), by and through the undersigned counsel, and hereby sues and files this Complaint and Demand for Jury Trial with Injunctive Relief Sought against Defendant, **INPATIENT CONSULTANTS OF FLORIDA, INC.** ("Defendant" or "Debt Collector"), and in support thereof states as follows:

*Introduction*

1. This action arises out of an alleged "Debt" or "Consumer Debt" as defined by Fla. Stat. § 559.55 (6) and Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et. seq.* ("FDCPA"), and the Florida Consumer Collection Practices Act, Fla. Stat. § 559.72 *et. seq.* ("FCCPA"), in attempting to collect such Debt by misrepresenting the legal right to collect the alleged debt from Ms. Shelton after Defendant knew she had included such Debt in her Chapter 13 Bankruptcy Case, and by continuing to send collection letters directly to Ms. Shelton after Defendant received notice that Ms.

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Shelton v. Inpatient Consultants of Florida, Inc.*
Page **1** of **9**

Shelton was represented by counsel with respect to the alleged Debt, which can all reasonably be expected to harass Ms. Shelton.

## *Jurisdiction and Venue*

2. This Court has subject matter jurisdiction over the instant case arising under the federal question presented in the FDCPA pursuant to 28 U.S.C. § 1331.

3. Venue lies in this District pursuant to 28 U.S.C. § 1391 (b) and 15 U.S.C. § 1692k (d) and Fla. Stat. § 559.77 (1), as a substantial part of the events or omissions giving rise to the claims occurred in this judicial district.

## *Parties*

4. Plaintiff, Ms. Shelton, was and is a natural person and, at all times material hereto, is an adult, a resident of Pinellas County, Florida, and a "debtor" or "consumer" as defined by Fla. Stat. § 559.55 (8).

5. Further, Ms. Shelton is an "alleged debtor" within the meaning of Fla. Stat. § 559.55.

6. At all times material hereto, Defendant was and is a corporation with its principle place of business in the State of CA, and its registered agent, Corporation Service Company, located at 1201 Hays Street, Tallahassee, FL 32301.

7. Further, at all times material hereto, Debt Collector is a "Consumer Collection Agency" as defined by Fla. Stat. § 559.55 (3) and/or a "Debt Collector" as defined by Fla. Stat. § 559.55 (7) and 15 U.S.C. § 1692a (6).

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Shelton v. Inpatient Consultants of Florida, Inc.*
Page **2** of **9**

## *Statements of Fact*

8. Ms. Shelton received medical treatment at Bayfront Medical Center Florida that created a unique account number associated with Ms. Shelton's name ("Account").

9. Sometime thereafter, Ms. Shelton encountered financial difficulties and fell behind on her payments towards the Account and incurred an outstanding balance owed thereunder ("Debt").

10. On September 25, 2019, Ms. Shelton filed a Chapter 13 Bankruptcy Petition ("Petition") in the U.S. Bankruptcy Court for the Middle District of Florida, Case No. 8:19-bk-09099-CPM ("Bankruptcy Case").

11. Ms. Shelton's Petition identified her counsel's name and contact information, which notified all of Ms. Shelton's creditors that Ms. Shelton was represented by counsel with respect to all debts.

12. On or around September 28, 2019, all creditors received notice of Ms. Shelton's Bankruptcy case via electronic transmission from the Bankruptcy Noticing Center.

13. Bayfront Medical Center Florida received notice of the Bankruptcy Case. ***See* Exhibit A.**

14. Under information and belief, Bayfront Medical Center Florida then sold, assigned, or transferred the Debt to Defendant for collection purposes.

15. Under information and belief, Bayfront Medical Center Florida notified Defendant of the Bankruptcy Case when it sold, assigned, or transferred the Debt for collection purposes.

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Shelton v. Inpatient Consultants of Florida, Inc.*
Page **3** of **9**

16. Under information and belief, Bayfront Medical Center Florida provided Defendant with all records it had with respect to the Bankruptcy Case when it sold, assigned, or transferred the Debt to Defendant for collection purposes.

17. Despite receipt of notice of Ms. Shelton's attorney representation with respect to Debt and that the Debt was included in Ms. Shelton's Bankruptcy Case, Defendant continued to send collection letters directly to Ms. Shelton in attempts to collect the Debt.

18. For example, on or around November 20, 2019, Defendant sent a collection letter to Ms. Shelton in attempts to collect the alleged Debt ("Collection Letter 1"). *See* **Exhibit B.**

19. Collection Letter 1 was sent directly to Ms. Shelton's address, demanded a minimum payment of $92.48 immediately, and offered options to pay including online payment, by telephone, or by enclosed mailing coupon. *See* **Exhibit B**

20. On or around January 16, 2020, Defendant sent a collection letter to Ms. Shelton in attempts to collect the alleged Debt ("Collection Letter 2"). *See* **Exhibit C.**

21. Collection Letter 2 was sent directly to Ms. Shelton's address, demanded a minimum payment of $92.48 immediately, and offered options to pay including online payment, by telephone, or by enclosed mailing coupon. *See* **Exhibit C.**

22. All of Defendant's collection letters to Ms. Shelton were sent in an attempt to collect the Debt.

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Shelton v. Inpatient Consultants of Florida, Inc.*
Page **4** of **9**

23. Defendant has harassed Ms. Shelton by continuing to directly contact her despite having actual knowledge that Ms. Shelton was represented by counsel with respect to the Debt and had included the Debt in her Bankruptcy Case.

### *Count 1: Violation of the Fair Debt Collection Practices Act ("FDCPA")*
### *(as against Debt Collector)*

24. Ms. Shelton re-alleges paragraphs 1-23 and incorporates the same herein by reference.

25. Ms. Shelton is a "consumer" within the meaning of the FDCPA.

26. The subject debt is a "consumer debt" within the meaning of the FDCPA.

27. Debt Collector is a "debt collector" within the meaning of the FDCPA.

28. Debt Collector violated the FDCPA. Debt Collector's violations include, but are not limited to, the following:

   a. Debt Collector violated 15 U.S.C. § 1692c(a) by directly mailing the Collection Letter 1 to Ms. Shelton after Debt Collector knew Ms. Shelton was represented by an attorney with respect to such Debt and had knowledge of, or could readily ascertain, such attorney's name and address.

   b. Debt Collector 15 U.S.C. § 1692e(2)(A) by falsely representing the legal status of the Debt as still personally owed by Ms. Shelton and not included in Ms. Shelton's Bankruptcy Case when it sent her Collection Letter 1.

   c. Defendant violated 15 U.S.C. § 1692e(10) by sending Ms. Shelton Collection Letter 1 in attempts to collect the Debt

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Shelton v. Inpatient Consultants of Florida, Inc.*
Page **5** of **9**

and falsely representing the legal status of the Debt as still due and owed by Ms. Shelton when it sent Ms. Shelton Collection Letters 1.

d. Defendant violated 15 U.S.C. § 1692f(1) by attempting to collect the Debt that Defendant knew was not permitted by law to collect because the Debt was included in Ms. Shelton's Bankruptcy Case.

29. As a result of the above violations of the FCCPA, Ms. Shelton has been subjected to unwarranted and illegal collection activities and harassment for which she has been damaged.

30. Defendant's actions have damaged Ms. Shelton by violating her right to not be contacted directly regarding the Debt when Defendant had actual knowledge that Ms. Shelton is represented by counsel with respect to the Debt.

31. Defendant's actions have damaged Ms. Shelton by causing her embarrassment.

32. Defendant's actions have damaged Ms. Shelton by causing her stress.

33. Defendant's actions have damaged Ms. Shelton by causing her aggravation.

34. Defendant's actions have damaged Ms. Shelton by causing her anxiety.

35. It has been necessary for Ms. Shelton to retain the undersigned counsel to prosecute the instant action, for which she is obligated to pay a reasonable attorney's fee.

36. All conditions precedent to this action have occurred.

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Shelton v. Inpatient Consultants of Florida, Inc.*
Page **6** of **9**

**WHEREFORE**, Plaintiff respectfully requests this Court to enter a judgment against Debt Collector as follows:

a. Awarding statutory damages as provided by 15 U.S.C. § 1692k(a)(2)(A);

b. Awarding actual damages;

c. Awarding costs and attorneys' fees; and

d. Any other and further relief as this Court deems just and equitable.

### *Count 2: Violation of the Florida Consumer Collection Practices Act ("FCCPA")*

37. Ms. Shelton re-alleges paragraphs 1-23 and incorporates the same herein by reference.

38. Defendant violated the FCCPA. Defendant's violations include, but are not limited to, the following:

a. Defendant violated Fla. Stat. § 559.72(9) by misrepresenting the legal right to directly collect the Debt from Ms. Shelton when Defendant knew that no such right existed because the Debt had been included in the Bankruptcy Case.

b. Defendant violated Fla. Stat. § 559.72(18) by sending collection letters directly to Ms. Shelton after Defendant knew that Ms. Shelton was represented by an attorney with respect to such Debt and had knowledge of, or could readily ascertain, such attorney's name and address.

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Shelton v. Inpatient Consultants of Florida, Inc.*
Page **7** of **9**

39. As a result of the above violations of the FCCPA, Ms. Shelton has been subjected to unwarranted and illegal collection activities and harassment for which she has been damaged.

40. Defendant's actions have damaged Ms. Shelton by violating her right to not be contacted directly regarding the Debt when Defendant had actual knowledge that Ms. Shelton is represented by counsel with respect to the Debt.

41. Defendant's actions have damaged Ms. Shelton by causing her embarrassment.

42. Defendant's actions have damaged Ms. Shelton by causing her stress.

43. Defendant's actions have damaged Ms. Shelton by causing her aggravation.

44. Defendant's actions have damaged Ms. Shelton by causing her anxiety.

45. It has been necessary for Ms. Shelton to retain the undersigned counsel to prosecute the instant action, for which she is obligated to pay a reasonable attorney's fee.

46. All conditions precedent to this action have occurred.

**WHEREFORE**, Plaintiff respectfully requests this Court to enter a judgment against Defendant as follows:

    a. Awarding statutory damages as provided by Fla. Stat. § 559.77;

    b. Awarding punitive damages;

    c. Awarding actual damages;

    d. Awarding costs and attorneys' fees;

    e. Ordering an injunction preventing further wrongful contact by the Defendant; and

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Shelton v. Inpatient Consultants of Florida, Inc.*
Page **8** of **9**

      f.    Any other and further relief as this Court deems just and equitable.

## DEMAND FOR JURY TRIAL

Plaintiff, Julia Shelton, demands a trial by jury on all issues so triable.

Respectfully submitted this **April 30, 2020**,

                                          */s/ Kaelyn Steinkraus*
                                          Kaelyn Steinkraus, Esq.
                                          Florida Bar No. 125132
                                          kaelyn@attorneydebtfighters.com
                                          Law Office of Michael A. Ziegler, P.L.
                                          Debt Fighters
                                          2561 Nursery Road, Suite A
                                          Clearwater, FL 33764
                                          (p)  (727) 538-4188
                                          (f)  (727) 362-4778
                                          *Counsel for Plaintiff*

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Shelton v. Inpatient Consultants of Florida, Inc.*
Page **9** of **9**